MR. JUSTICE McSURELY delivered the opinion of the court.

The City charges that the defendant by exhibiting in his show windows a copy of the painting by Paul Chabas, named "September Morn," violated the section of the Municipal Code which forbids the exhibiting of any "indecent or lewd" picture. Upon trial a jury acquitted the defendant.

Complaint is made of rulings on objections to questions, and on the admissibility of testimony, which we shall not discuss, as our opinion on these points would not alter our conclusion that no other verdict than that returned should stand. This conclusion follows an inspection of the picture, which is an exhibit before us. It is not indecent, although this may not be said of much of the exploiting of it. It does not come within the interdiction of the ordinance, and the judgment is affirmed.

*Affirmed.*

**Mary Drimmel by Anton Drimmel, Defendant in Error, v. Rudolph Jahrling and Mrs. Rudolph Jahrling, Plaintiffs in Error.**

**Gen. No. 19,540.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of fact. Opinion filed May 25, 1914.

### Statement of the Case.

Action by Mary Drimmel, a minor, by Anton Drimmel, her father and next friend, against Rudolph Jahrling and Mrs. Rudolph Jahrling to recover damages for personal injuries claimed to have been caused by a bite of a dog belonging to defendants. The case was

tried by the court who found for the plaintiff. To reverse the judgment, defendants bring error.

Henry Roth, for plaintiffs in error.

Emery M. Shaw, for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.

### Abstract of the Decision.

1. Animals, § 12*—*when recovery against joint defendants for dog bite erroneous.* In an action against husband and wife as owners of a dog to recover for injuries sustained by plaintiff by being bitten by the dog, *held* that a judgment against both defendants was erroneous for the reason that it was erroneous as to one, there being no evidence tending to show that the wife owned the dog or was in anyway responsible for its conduct.

2. Animals, § 14*—*when recovery for bite of dog not sustained by the evidence.* In an action to recover damages for injuries sustained by a child by being bitten by a dog belonging to defendants, a judgment for plaintiff *held* not warranted by the evidence, there being no direct evidence that plaintiff was bitten by the dog and no proof that the dog was vicious or prone to bite mankind.

---

### Martin E. Troutman, Defendant in Error, v. Postal Telegraph-Cable Company, Plaintiff in Error.

### Gen. No. 19,560. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Thomas F. Scully, Judge, presiding. Heard in this court at the October term, 1913. Reversed. Opinion filed May 25, 1914.

### Statement of the Case.

Action by Martin E. Troutman against Postal Telegraph-Cable Company, a corporation, to recover dam-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.